IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRESTON J. BLAKE,

    Plaintiff,

vs.                                                                No. CV 18-01160 RB/GBW

STATE OF NEW MEXICO,
NEW MEXICO PUBLIC DEFENDER'S OFFICES
AND ALL ATTORNEYS' FOR THE PLAINTIFF THAT
REPRESENTED HIMSEL, WARDEN AT PRESENT FOR L.C.C.F.
(SANTESTEVAN AT PRESENT), INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES; ETC.
JOHN DOE/OR JANE DOE AND
SUSANA MARTINEZ,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6) on the Complaint for Violation of Civil Rights filed by Plaintiff Preston J. Blake. (Doc. 1.) The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a prisoner incarcerated at the Lea County Correctional Facility. (*Id.* at 2.) He was arrested in 2008 and charged in the New Mexico state courts. *State v. Blake*, No. D-911-CR-2008-00078. The Court takes judicial notice of the proceedings in his state court criminal action. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting that the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand). On May 18, 2009, Plaintiff was convicted by a 12-person jury on charges of aggravated burglary (commits battery), conspiracy, two counts

1

of receiving and disposing of stolen property, tampering with evidence, and attempt to commit a felony. He was sentenced as a habitual offender on June 4, 2009. With the application of eight-year habitual offender enhancements based on prior felony convictions, Plaintiff was sentenced to 41 years minus two days in prison. *See State v. Blake*, No. D-911-CR-2008-00078.

Plaintiff appealed his state criminal conviction, contending that (1) the district court erred in allowing him to represent himself, (2) his motion for a continuance was improperly denied, (3) his speedy trial rights were violated, (4) his counsel was ineffective, and (5) his convictions were not supported by substantial evidence. *See Blake v. Janecka*, No. CIV 13-00454 LH/KBM, Respondents' Answer (Doc. 12), Ex. BB (D.N.M. Aug. 22, 2013). The New Mexico Court of Appeals affirmed his conviction, (*id.*), and the New Mexico Supreme Court denied certiorari (*id.* Ex. DD). After completing the direct appeal process, Plaintiff filed a *pro se* state habeas petition, which the state district court denied; the New Mexico Supreme Court subsequently denied certiorari. (*Id.* Exs. GG, HH.) Not finding relief in the state courts, he filed a Petition for Writ of Habeas Corpus in this Court, raising the same issues he had raised in the state court proceedings. His Petition was denied on the merits. *See id.*, Pet. (Doc. 1) & Order Adopting the Chief Magistrate Judge's R&R (Doc. 30).

Plaintiff filed his Complaint for Violation of Civil Rights on December 7, 2018. (Doc. 1.) He seeks to have the case proceed as a class action. (*Id.* at 1, 3, 15.) The Complaint identifies Eric Fierro, Augustin Granado, Jr., Jessy L. Garcia, and David Otero as additional plaintiffs "at the discretion of the Judge and Court," but the Complaint is signed solely by Plaintiff. (*Id.* at 1, 10, 14.) Plaintiff may not represent any other individual or maintain this case as a class action, and the

additional individuals are not proper parties to this proceeding. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1320 (10th Cir. 2000).[1]

Plaintiff names, as Defendants, the State of New Mexico, the New Mexico Public Defender's Offices, Warden at present for L.C.C.F. (Santestevan), Jane and John Does, Governor Susana Martinez, and attorney Jennifer Burrill. (Doc. 1 at 1, 11.) He again contends that his criminal defense counsel were ineffective, resulting in the imposition of an unreasonable sentence. (*Id.* at 4–7). Plaintiff prays for relief:

> 1. Ordering Defendants to pay punitive and compensatory damages.
> 2. Systematic change to the Public Defenders Dept. in as to the Attorney Contract System.
> 3. To be released from prison, and that my case be vacated or set aside
> 4. Awarding Plaintiffs the reasonable costs and expenses of their action including attorney's fees.

(*Id.* at 9).

## II. PLAINTIFF IS GRANTED LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 12.) Because the Court grants the application, the filing fee for this civil rights complaint is $350.00. Based on the information about Plaintiff's financial status (*id.*), the Court will waive an initial partial payment pursuant to § 1915(b)(1). Plaintiff is still required to pay the full amount of the filing fee pursuant to § 1915(b)(1).

## III. THE LAW REGARDING FAILURE TO STATE A CLAIM

Plaintiff is proceeding pro se and *in forma pauperis*. (Doc. 5.) The Court has the discretion

---

[1] The Court takes judicial notice that all of the identified individuals have filed their own prisoner civil rights cases in this Court: Augustin Granado has three closed and two pending cases (CV 19-00096 JCH/JFR; CV 19-00119 WJ/GJF); Jessie Garcia has 16 closed and one pending, (CV 18-01161 JB/KRS), Plaintiff has three pending (CV 17-00807 JAP/KK; CV 18-01160 RB/GBW; CV 19-00618 MV/KK); David Otero has four closed and one pending (CV 19-00119 WJ/GJF); and Eric Fierro has three closed cases and one pending case (CV 19-00119 WJ/GJF). *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).

3

to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okl. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

The Court must examine the complaint to determine if an actionable claim is presented. In *Twombly*, the Supreme Court noted that the pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. These, the Court stated, "will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In *Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

4

556 U.S. at 678 (citations omitted).

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

**IV.   THE COMPLAINT FAILS TO STATE A § 1983 CIVIL RIGHTS CLAIM**

Section 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through

which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Id.*

### A. Plaintiff does not allege any actionable conduct by the Warden.

In his Complaint, Plaintiff names as a Defendant the "Warden at Present for L.C.C.F.

(Santestevan at Present)." (Doc. 1 at 1.) Plaintiff alleges "Defendant, Santestevan, Warden of L.C.C.F. is only an official administrator of the prison and is only named because I am incarcerated at L.C.C.F. in Hobbs, New Mexico." (*Id.* at 8). Plaintiff does not allege that Warden Santestevan engaged in any conduct, at all, much less any conduct in violation of Plaintiff's constitutional rights. *West*, 487 U.S. at 48; *Fogarty*, 523 F.3d at 1162. Nor does the Complaint allege any claim against Warden Santestevan or L.C.C.F. for vicarious liability or entity liability. *Iqbal*, 556 U.S. at 676. The Complaint fails to state any claim for relief against Warden Santestevan or L.C.C.F., and any alleged claims against them will be dismissed under Rule 12(b)(6) and § 1915(e)(2)(B).

### B. Public defenders do not act under color of state law.

Plaintiff names as Defendants John and Jane Doe public defender attorneys that represented him in his state court criminal proceedings. (Doc. 1 at 1–2.) The only attorney identified by name is "Jinnifer Burrill." (*Id.* at 4.) Section 1983 states:

> Every person who, *under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia*, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Id.* at 325.

Plaintiff contends that his appointed criminal defense attorneys, including Jinnifer Burrill, were ineffective in their representation of him. (Doc. 1 at 4–7.) The Complaint makes no allegations against the defense attorneys other than that they were performing a lawyer's traditional

7

functions as counsel in the state criminal proceeding. Plaintiff's claims are all based on allegations regarding the functions of counsel in his criminal case, and, to the extent his claims against the defense attorneys arise out of their representation of him, they cannot be sued under § 1983 because they did not act under color of state law. *See Dodson*, 454 U.S. at 315. The Complaint fails to state any § 1983 claim for relief against the defense attorneys.

### C. The State is not a person for purposes of 1983.

Plaintiff also names the State of New Mexico, the New Mexico Public Defender's Offices, and Governor Susana Martinez as Defendants. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Claims against the State of New Mexico and its agencies, as well as official capacity claims against its officials, must be dismissed. *Will*, 491 U.S. at 63–64.

The Complaint does not make any factual allegations against the State of New Mexico. However, to the extent the Complaint can be construed as asserting any claims against the State of New Mexico, the State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. Similarly, the New Mexico Public Defender's Offices is an agency of the State of New Mexico and is not a "person" for purposes of § 1983. Last, the Complaint does not allege any individual conduct by Governor Martinez but, instead, makes only official capacity claims against her. (Doc. 1 at 8.) Plaintiff fails to state any claims against

the State of New Mexico, the New Mexico Public Defender's Offices, and Governor Susana Martinez; thus, the claims will be dismissed. *Will*, 491 U.S. at 63–64.

>    **D.     Plaintiff's civil rights claims must be dismissed under the *Heck* doctrine.**

In *Heck v. Humphry*, 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Id.* Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson*, 544 U.S. 74, 80–81 (2005); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

All of Plaintiff's claims are attacks on the criminal proceedings underlying his conviction in New Mexico state case no. D-911-CR-2008-00078. (Doc. 1 at 2–9.) His Prayer for Relief specifically asks the Court for compensatory and punitive damages, lifetime medical and mental health care, education, his conviction overturned, and systemic change to the public defender's indigent defense systems. (*Id.* at 14.)

His request for relief clearly necessitates the invalidation of his sentence. *Wilkinson*, 544 U.S. at 80–81. Because a favorable ruling on Plaintiff's claims would require treating his state sentence as invalid, all of his civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 556–57 (10th Cir. 1999). Regardless of whether they are claims for monetary, declaratory, or injunctive relief, and regardless of whether they are against defense counsel, the Public Defender Department, or the

State of New Mexico, all claims against all Defendants are barred by *Heck*. *Wilkinson*, 544 U.S. at 80–81. The Complaint will be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and § 1915(e)(2)(B) due to the bar of the *Heck* doctrine.

### E. Leave to Amend Would Be Futile.

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Because Plaintiffs' claims will be barred by the *Heck* doctrine, any amendment of Plaintiff's Complaint would be futile and the Court will not grant leave to amend.[2]

## V. PENDING MOTIONS

Pending before the Court are Plaintiff's Motion to Joinder of Claims (Doc. 3), Defendants' Motion to Dismiss (Doc. 6), Plaintiff's Motion to Perfect Service and Summons (Doc. 11), Plaintiff's Motion for Extension of Time (Doc. 13), and Plaintiff's Motion to Join Case 1:19-cv-00119 WJ-GJF (Doc. 14). The Court will deny the pending motions as moot in light of the Court's dismissal of this proceeding.

**IT IS ORDERED:**

(1) the Application to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Preston J. Blake (Doc. 12) is **GRANTED** and the initial payment is **WAIVED**;

---

[2] Although it does not appear on the face of his Complaint, a review of Plaintiff's official state court criminal docket indicates that the actions he complains of took place no later than 2012, and his claims are likely also barred by the three-year statute of limitations governing Section 1983 cases. See *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014).

(2) Plaintiff's Motion to Joinder of Claims (Doc. 3), Defendants' Motion to Dismiss (Doc. 6), Plaintiff's Motion to Perfect Service and Summons (Doc. 11), Plaintiff's Motion for Extension of Time (Doc. 13), and Plaintiff's Motion to Join Case 1:19-cv-00119 WJ-GJF (Doc. 14) are **DENIED as moot**; and

(3) Plaintiff Preston J. Blake's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE